# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BOBBIE J. BROWNLEE,**

    **Plaintiff,**

vs.                                           **CASE NO. 4:05cv197-RH/WCS**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

    Pending is Plaintiff's application for attorney's fees for work done before this court pursuant to 42 U.S.C. § 406(b).  Doc. 36.  Plaintiff was previously awarded $5,768.00 under the Equal Access to Justice Act (EAJA).

    A section 406(b) fee is to be paid from Plaintiff's award of benefits.  Plaintiff has filed a copy of the contingent fee contract she had with her attorney.  Doc. 40.  I asked that the contract be filed so that I could be sure that Plaintiff had promised to pay her attorney 25% of her past due benefits, if awarded, as a contingent fee.  Upon review of the contract, I find that it does not.  The contract provides that Plaintiff agrees to pay to her attorney any amount the Social Security Administration releases to her from past

due benefits "which, pursuant to statute, should have been withheld," but the money is to go into escrow "until such time as a final authorization to pay an attorney fee has been made by the Social Security Administration."  This sentence is not a promise by Plaintiff to pay a 25% contingency fee, and it implies that the amount of the fee is yet to be determined.  Plaintiff acknowledges in the contract that she has been advised that the Administration "is authorized to withhold one-fourth (25%) of whatever past-due benefits are allowed me," but this sentence does not promise to pay a 25% contingency fee.  It only advises that a source for payment of a fee will be established.  There is a sentence where Plaintiff states that she understands "that representation in court and administratively will not cost me more than 25% of past due benefits," but this sentence does not promise to pay a 25% contingency fee.  Indeed, it implies that perhaps the fee will be less.  Finally, there is a sentence that explains that the attorney who successfully represents a claimant "may be awarded as part of the judgment (a reasonable fee . . . not in excess of 25 percent [of past due benefits])," but this sentence does not promise to pay a 25% contingency fee.  It also implies the fee may be less.  Thus, while it is probable that Plaintiff's attorney intended to draft a 25% fee contract, this contract does not bind Plaintiff to pay a 25% past due benefits fee, and it has statements that would lead a reasonable person to believe that the contingent fee payable from past due benefits may be less than 25% of past due benefits.[1]

---

[1] The explanation of the EAJA fee is equally unclear, and that lack of clarity further hampers a clear understanding of the past due benefits fee.  It is explained that an EAJA fee may be sought, but it does not explain who pays the fee or how the EAJA fee interacts with the past due benefits fee.

Plaintiff was awarded $79,440.00 in past due benefits.  *Id.*, ¶. 2.  Plaintiff seeks a fee of $19,860.00, that is, 25% of the past due benefits award.  The EAJA award of $5,768.00 will be credited against this fee, so the net amount sought from Plaintiff's past due benefits is $13,912.00, which is 17.5% of Plaintiff's past due benefits.  Defendant has responded.  Doc. 38.

Plaintiff's attorney worked 37.5 hours on this case.  The total fee requested (without considering the EAJA fee already awarded)  is an effective hourly rate of $529.50.

Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), established guidelines for calculating a reasonable fee pursuant to 42 U.S.C. § 406(b).  The Court rejected the lodestar method which this circuit adopted in 1999 and applied in this division since 1991.  Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999); Gray v. Sullivan, MCA 89-50053-WS, report and recommendation, doc. 21, adopted by Chief Judge Stafford on March 14, 1991, doc. 22.  The Court in Gisbrecht said that the district court should first look to the contingent fee agreement and then test the fee sought for reasonableness.  535 U.S. at 808, 122 S.Ct. at 1828.  The Court suggested that the fee should be reduced if the representation was substandard, if the attorney was responsible for delay,[2] or if the fee is a windfall (that is, "large in comparison to the amount of time counsel spent on the case" when compared to the "lawyer's normal hourly billing charge for noncontingent-fee cases").  *Id.*

---

[2] Delay in deciding a social security case causes an increase in past due benefits and thus an increase in the potential § 406(b) fee, which is usually a contingent fee based upon a percentage of those benefits.

Applying these factors to this case, the representation in this case was excellent. This was a complicated case and Plaintiff's memorandum was quite well-written, containing 29 pages of substantive evidence and argument. The degree of success is significant. The past due benefits award is large, but that is simply a product of delay not attributable to Plaintiff as discussed below. Also, Plaintiff has also shown that the probable value of her future benefits to age 66 and 8 months is over $377,000. Doc. 36, ¶ 9. While in some cases it may not be proper to assume that a claimant will remain disabled until the normal retirement age, especially if the claimant is a younger person, in this case the argument is justified given the nature of Plaintiff's impairments. A fee award of about $19,000 is only 4.5% of the total benefits expected, that is, about $417,000, and is not a windfall when viewed as a percentage of the overall success for Plaintiff.

No significant delay was caused by Plaintiff's attorney. The delay occurred with the Commissioner. Plaintiff filed her application on July 13, 2001, and did not obtain a final decision from the Appeals Council until April 15, 2005. Docs. 1 and 15.

The reasoning of Magistrate Judge Davis in <u>Toler v. Barnhart</u>, case number 3:02cv299-LAC/MD, adopting by Judge Collier on May 10, 2004 (docs. 36 and 38)[3] is persuasive for this case:

> Other circuits have recognized instances in addition to those suggested by the *Gisbrecht* court in which reduction of the contracted 25% amount might be warranted, but none of those are present here. Plaintiff's counsel was diligent in his representation of plaintiff in this case, and his efforts certainly were not substandard. The only other reason advanced by the Supreme Court concerned the reasonableness of the fee in relation

---

[3] A copy is attached to doc. 34.

> to the amount of work performed. Thus, where counsel effectively seeks a windfall, his fee ought to be reduced. Twenty five percent of the plaintiff's award in this case is $18,981.50, or at least that is the amount the Commissioner withheld. That amount, divided by the 11.6 hours reasonably expended in this court, would result in an hourly rate of $1636. While that is very high, it is not uncommon for lawyers who represent plaintiffs in personal injury and wrongful death litigation to receive similar fees. Plaintiffs in those cases, who often have been severely injured and are unable to work, commonly agree to contingency fees of between 33% and 40%, and their ultimate recovery, if there is one, is reduced by that amount. But counsel here is not asking for 25% as his contract with plaintiff otherwise entitles him. Rather, his requested fee will come to 7.66% of plaintiff's recovery after she is refunded the EAJA award. While that results in an effective hourly rate of $625, the court must recognize that if counsel's efforts had failed in this appeal, his hourly rate would have been zero, and plaintiff would have received nothing. The court must also recognize that plaintiffs face a very heavy burden in winning Social Security appeals, and that reversal is the exception in this court, not the rule, further underscoring the contingent nature of these cases.

Toler v. Barnhart, case number 3:02cv299-LAC/MD, report and recommendation, doc. 36, pp. 3-4. *See also* Claypool v. Barnhart, 294 F.Supp. 829 (S.D. W.Va. 2003) (approving a § 406(b) contingent fee of 11% of past due benefits resulting in an hourly rate of $1,433.12 per hour).

I also rely upon my report and recommendation in McGahan v. Barnhart, case number 3:03cv216-MCR/WCS, doc. 39, adopted on December 13, 2004, doc. 40. While the fee approved there amounted to $532.71 per hour, it was found to be not a windfall given the contingencies of Social Security litigation.

In summary, the court has authority to grant a reasonable fee, and it is permissible that the fee be as high as 25% of past due benefits. While the contingent fee contract in this case did not specify the agreed percentage, the fee sought is reasonable for all of the reasons set forth above.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $19,860.00 be **GRANTED**, the court **ORDER** the Commissioner to disburse this amount to Plaintiff's counsel, and the court **ORDER** Plaintiff's counsel to reimburse Plaintiff $5,768.00 as the EAJA fee previously awarded to her.

**IN CHAMBERS** at Tallahassee, Florida, on October 12, 2006.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**